IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HELEN E. HOAGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-03046 |
| ) | |
| WILLIE J. ARMOR, ) | |
| ) | |
| Defendant. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Helen E. Hoagland's Motion to Remand (d/e 4). For the reasons set forth below, the motion is DENIED. This case will remain in the Springfield Division of the Central District of Illinois.

I. **BACKGROUND**

On October 7, 2016, Plaintiff filed suit against Robert R. Hoagland and Defendant Willie J. Armor in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. See Complaint (d/e 1-1). The Complaint asserts negligence claims and seeks in excess of $50,000 in damages. See id. On January 26, 2017, the state court entered an Order for Good Faith Finding and

for Dismissal with Prejudice (d/e 1-10), which dismissed Plaintiff's claims against Robert Hoagland.

Twenty-nine days later, on February 24, 2017, Defendant Armor filed a Notice of Removal (d/e 1). Defendant Armor claims that he is a citizen of Texas and that Plaintiff and Robert Hoagland are citizens of Illinois. Defendant Armor further claims that the amount in controversy in this matter is in excess of $75,000 given that Plaintiff's claimed medical bills total more than $80,000. Therefore, according to Defendant Armor, this case became removable on January 27, 2017, the date of Robert Hoagland's dismissal as a defendant, based on complete diversity among the remaining parties.

On March 13, 2017, Plaintiff filed a Motion to Remand (d/e 4) and a Memorandum in Support of Motion to Remand (d/e 5). Plaintiff does not dispute that the amount in controversy in this case exceeds $75,000. Further, Plaintiff admits that she and Robert Hoagland are citizens of Illinois. Plaintiff's sole argument for remand to state court is that Robert Hoagland remains a defendant in this case because the state court's Order conditioned Robert Hoagland's dismissal as a defendant on the execution of a release

and a payment to Plaintiff in the amount of $100,000. According to Plaintiff, because Robert Hoagland has not made the $100,000 payment, Robert Hoagland is still a defendant in this case, meaning there is not complete diversity among the parties.

On March 23, 2017, Defendant Armor filed a Memorandum in Opposition to Plaintiff's Motion to Remand (d/e 8). Defendant Armor argues that the state court's Order did not condition Robert Hoagland's dismissal as a defendant on any future action. Rather, the release and payment were conditions of Robert Hoagland's discharge from any and all contribution liability. Therefore, according to Defendant Armor, Robert Hoagland has not been a defendant in this case since January 26, 2017, and complete diversity exists.

In addition, Defendant Armor contends that even if the Order is read as Plaintiff suggests—that Robert Hoagland's dismissal as a defendant was conditioned on the execution of a release and a payment of $100,000 to Plaintiff—this case is still removable. In support of this alternative argument, Defendant Armor points to the Release of All Claims (d/e 8-1), signed by Plaintiff on January 31, 2017, in which Plaintiff acknowledges the receipt of $100,000 and

releases Robert Hoagland from liability.

## II.  LEGAL STANDARD

District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Any civil action brought in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction.  28 U.S.C. § 1441(a).  If a case filed in state court is not immediately removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

## III.  ANALYSIS

In a case where removal is based on diversity among the parties, the Court must determine whether complete diversity existed at the time the notice of removal was filed.  See Tylka v. Gerber Prod. Co., 211 F.3d 445, 448 (7th Cir. 2000).  In making this determination, the Court must conduct a plain and common-sense reading of the state court's Order of January 26, 2017.  See Adkins v. Ill. Cent. R. Co., 326 F.3d 828, 843 (7th Cir. 2003).  As a

preliminary matter, the Court notes that the Notice of Removal is timely because Defendant Armor filed it 29 days after the case became removable.

The plain language of the state court's Order does not support Plaintiff's position that Robert Hoagland remained a defendant in this case after January 26, 2007. The final sentence of the Order reads as follows: "Further, Plaintiff's claims relevant to this litigation against Robert R. Hoagland <u>are dismissed</u> with prejudice." Order (d/e 1-10) (emphasis added). The use of the present tense with respect to the dismissal of Plaintiff's claims against Robert Hoagland suggests that the dismissal was effective immediately and not conditioned upon the execution of a release or a payment of $100,000 to Plaintiff. Further, the placement of the conditional language about the release and the $100,000 payment, which was handwritten into the Order, cuts against Plaintiff's position. This language begins immediately after a sentence discharging Robert Hoagland from any and all liability under the Illinois Joint Tortfeasor Contribution Act (Act), not after the sentence dismissing Plaintiff's claims against Robert Hoagland. This placement suggests that it was the extinguishment of Robert Hoagland's contribution

liability to Defendant Armor, not the dismissal of Plaintiff's claims against Robert Hoagland, that was conditioned on the execution of a release and a $100,000 payment to Plaintiff. The Act's language supports the Court's interpretation of the state court's Order, given that even after an Illinois court finds that a proposed settlement is in good faith, a defendant subject to tort liability must actually settle with the plaintiff before his contribution liability to other defendants is discharged. See 740 Ill. Comp. Stat. 100/2(d) ("The tortfeasor who settles with a claimant [in good faith] is discharged from all liability for any contribution to any other tortfeasor.") (emphasis added). The fact that the extinguishment of Robert Hoagland's contribution liability to Defendant Armor was conditioned on the execution of a release and a monetary payment did nothing to prevent Robert Hoagland from being dismissed as a defendant on January 26, 2017, as Defendant Armor had not yet filed a contribution counterclaim. See Ans. & Aff. Def. (d/e 1-12, pp. 39-44).

Even if the Court were to adopt Plaintiff's reading of the January 2017 state court's Order, the Court would still find remand inappropriate here. The release Plaintiff signed on January 31,

2017, contains the following language: "Plaintiff being of age, for the sole consideration of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00) <u>receipt whereof is hereby acknowledged</u>, does hereby release, acquit, and forever discharge Defendant." Release (d/e 8-1), ¶ 3 (emphasis added); <u>see also id.</u> ¶ 2 (defining "Defendant" as Robert R. Hoagland). Therefore, even assuming that the state court's order conditioned Robert Hoagland's dismissal as a party on the execution of a release and a payment of $100,000 to Plaintiff, the release signed by Plaintiff on January 31, 2017, indicates that both conditions were satisfied on that date, 24 days prior to Defendant Armor's filing of the Notice of Removal.

Because Robert Hoagland was dismissed as a defendant on January 26, 2017, complete diversity among the remaining parties existed on February 24, 2017, the date on which Defendant Armor filed the Notice of Removal. As the amount-in-controversy requirement is also met, the Court has jurisdiction over this case, thereby making remand inappropriate.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Helen E. Hoagland's Motion to Remand (d/e 4) is DENIED. This case will remain in the

Springfield Division of the Central District of Illinois. If Plaintiff still wishes to move to strike Defendant Armor's affirmative defenses, she shall file a new motion to that effect by Monday, July 31, 2017.

ENTER: July 13, 2017.

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE