# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HELEN E. HOAGLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3046 |
| | ) | |
| WILLIE J. ARMOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Helen E. Hoagland's Motion to Strike Affirmative Defenses (d/e 14) (Motion 14) and Defendant Willie J. Armor's Motion for Leave to Amend His Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 20) (Motion 20).  For the reasons set forth below, Motion 14 is ALLOWED without prejudice to Armor to move to replead the second and third affirmative defenses, and Motion 20 is ALLOWED.

## BACKGROUND

On August 5, 2016, the parties were involved in an automobile accident on Interstate 55 at mile marker 105 in Sangamon County, Illinois. Hoagland was a passenger in a car driven by her husband Robert

Hoagland. Armor drove the other vehicle involved in the accident. Hoagland brought this action for personal injuries against Armor and her husband Robert Hoagland in Illinois Circuit Court for Sangamon County, Illinois. Notice of Removal, Exhibit A, Hoagland v. Armor, Sangamon County Circuit Ct Case No. 2016 L 00243 (State Case).

Hoagland settled her claims against her husband Robert Hoagland for the $100,000.00 limit on Robert Hoagland's liability insurance. On January 11, 2017, Hoagland filed a Motion for Good Faith Finding to approve the settlement. Notice of Removal, Exhibit L, State Case Court Filings, Motion for Good Faith Finding filed January 11, 2017.

On January 13, 2017, Armor answered in the State Case and raised the following three affirmative defenses.

1. For his First Affirmative Defense to Count I of Plaintiff's Complaint, this defendant alleges that Plaintiff has failed to state a claim for which relief may be granted.

2. For his Second Affirmative Defense to Plaintiff's Complaint, this defendant alleges that Plaintiff's damages, if any, were caused and/or contributed to by others outside this defendant's control.

3. For his Third Affirmative Defense, this defendant asserts that Plaintiff has failed to mitigate her damages by:

    a. failing to seek appropriate medical care;

    b. failing to follow medical advice and recommendations;

c. otherwise failing to mitigate her damages.

Notice of Removal, Exhibit L, State Case Court Filings, Defendant Willie J. Armor's Answer and Affirmative Defenses to Plaintiff's Complaint filed January 13, 2017 (Answer and Affirmative Defenses), at 2.  Armor pleaded the same three defenses to Count II of the Complaint.  Answer and Affirmative Defenses, at 3-4.  Hoagland moved to strike the affirmative defenses.  Notice of Removal, Exhibit L, State Case Court Filings, Plaintiff's Motion to Strike Affirmative Defenses filed January 20, 2017.

Hoagland set the Motion for Good Faith Finding and the Motion to Strike Affirmative Defenses for hearing on January 26, 2017.  Notice of Removal, Exhibit L, State Case Court Filings, Notice filed January 20, 2017.

On January 26, 2017, Armor's counsel sent an email (Email) to Hoagland's counsel.  The email stated,

Mr. Ricci,

This email will confirm our conversation this morning. Defendant Willie Armor has no objection to Plaintiffs Motion for Good Faith Finding. It is my understanding that Plaintiff is settling with Co-Defendant Robert Hoagland for $100,000.00, the policy limits of Mr. Hoagland's insurance policy in place at the time of the accident.

Further, Defendant agrees to drop the affirmative defenses mentioned in Plaintiff s Motion to Strike Affirmative Defenses. If, however, it is revealed through discovery that Plaintiffs

negligence caused or contributed to the accident, Defendant Willie Armor reserves the right to raise this defense at that time. Similarly, If it is revealed through discovery that Plaintiff failed to mitigate her damages, Defendant reserves the right to raise this defense at that time.

This should resolve all issues in your Motion, therefore, we will not be appearing at today's hearing. If, however, you could email me a courtesy copy of all orders entered at today's hearing I would greatly appreciate it.

Please contact me if you would like to discuss this matter further. Thank you.

Sincerely,

Christopher McCann|Associate
Brown & James Law Firm

Motion 14, Exhibit B, Email. The state court allowed the Motion for Good Faith Finding, approved the settlement, and dismissed all claims against Robert Hoagland.  Notice of Removal, Exhibit L, State Case Court File, Order for Good Faith Finding and for Dismissal With Prejudice; see Opinion entered July 13, 2017 (d/e 10), at 4-8.  The state court did not rule on Hoagland's motion to strike affirmative defenses.  See Notice of Removal, Exhibit L, State Court Case File, Docket entries dated January 26, 2017.

On February 24, 2017, Armor removed this case to this Court.  Notice of Removal.  Hoagland then filed Motion 14 to strike the three affirmative defenses.

On September 7, 2017, Armor filed Motion 20 to seek leave to amend his affirmative defenses to add the following fourth defense.

4. For his Fourth Affirmative Defense to Count I of Plaintiff's Complaint, this defendant asserts that in the event Plaintiff received any settlement from any person or entity as a result of the incident described in Plaintiff's Complaint, that the amount of the settlement be offset from any judgment awarded to Plaintiff pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/2. Specifically, Plaintiff entered into a settlement agreement with former Co-Defendant Robert R. Hoagland in exchange for a lump sum payment of $100,000.00.

Motion 20, Exhibit B, Defendant Willie J. Armor's First Amended Answer and Affirmative Defenses to Plaintiff's Complaint. The proposed amended affirmative defenses pleads the same fourth defense to Count II of the Complaint. Hoagland opposes the proposed amendment.

ANALYSIS

Motion 14 seeks to strike Armor's first three affirmative defenses. Armor agreed to drop these defenses while reserving the right to raise the second and third defenses later. Email. Motion 14 is therefore allowed without prejudice to Armor to move to replead the second and third affirmative defenses. Armor argues that he agreed to amend according to state court precedent, and his agreement is irrelevant in federal court. The Court disagrees. Armor's Email states that he agreed to drop the affirmative defenses. The Email, quoted above, made no reference to state

court precedent. Motion 14 is allowed without prejudice to Armor to move to replead the second and third affirmative defenses.

In Motion 20, Armor asks for leave to amend to add a fourth affirmative defense of a right to a set off on any damages for the $100,000.00 settlement paid by his former co-Defendant Robert Hoagland. The Court should freely give leave to amend pleadings when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Hoagland has a statutory right to a setoff under Illinois law.  740 ILCS 100/2.  Motion 20 is allowed.

Hoagland argues that Motion 20 should be denied because the right to set off is not an affirmative defense.  Hoagland relies on Illinois precedent.  Federal rules, however, govern pleading in this Court even in diversity cases, not state law.  <u>Beanstalk Group, Inc. v. AM General Corp</u>., 283 F.3d 856, 863 (7th Cir. 2002).  Rule 8(c) requires defendants to plead affirmative defenses.  Fed. R. Civ. P. 8(c).

An affirmative defense under Rule 8(c) "'encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer.'" <u>Juracek v. City of O'Fallon, Illinois</u>, 2007 WL 4225591, at *2 (S.D. Ill.

November 20 2007) (quoting 5 Wright & Miller, <u>Federal Practice &</u> <u>Procedure</u> § 1271); <u>see</u> <u>Bobbitt v. Victorian House, Inc.</u>, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). Armor's assertion of a right to setoff concerns allegations outside of Hoagland's prima facie case and cannot be raised by Armor's denial alone. The fourth affirmative defense of setoff is proper under Rule 8(c).

Hoagland argues that Armor should not be allowed to present evidence of the settlement with Robert Hoagland at trial because settling tortfeasors are not to be included in the apportionment of fault under Illinois. <u>Ready v. United/Goedecke Services, Inc.</u>, 232 Ill.2d 369, 382, 903 N.E.2d 725, 733 (Ill. 2008). Hoagland can address matters that Armor may present at trial through motions in limine at the appropriate time. Armor's proposed fourth affirmative defense is proper. Motion 20 is ALLOWED.

THEREFORE, IT IS ORDERED that Plaintiff Helen E. Hoagland's Motion to Strike Affirmative Defenses (d/e 14) is ALLOWED in part, and Defendant Willie J. Armor's Motion for Leave to Amend His Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 20) is ALLOWED. The Clerk is directed to file the proposed amendment entitled "Defendant Willie J. Armor's First Amended Answer and Affirmative Defenses to Plaintiff's Complaint" (First Amended Answer) attached to Motion 20. The first three

affirmative defenses to Counts I and II in the First Amended Answer are

deemed to be stricken without prejudice to Armor to move later to amend to

replead the second and third affirmative defenses

ENTER:    October 12, 2017


_____*s/ Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE